STATE of Minnesota, Respondent,

v.

Lawrence Vernon BLAIS, Appellant.

No. C1–85–1256.

Court of Appeals of Minnesota.

Dec. 31, 1985.

Review Denied Feb. 14, 1986.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Asst. Atty. Gen., St. Paul, Richard T. Jessen, Benton Co. Atty., Foley, for respondent.

C. Paul Jones, Public Defender, Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and RANDALL and CRIPPEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

This appeal is from a conviction of second degree burglary, Minn.Stat. § 609.582, subd. 2(c) (1984). Appellant contends there was insufficient evidence to support his conviction. He also claims he was denied his due process right to a fair and impartial jury. We affirm.

## FACTS

In the early morning hours of October 2, 1985, there was a break-in at the St. Cloud Animal Hospital. The building contained controlled substances and had been the subject of break-ins in the past.

The St. Cloud Police were notified that a burglar alarm had gone off at the hospital. Officer Peter Legus drove to the scene and

observed a broken window on the south side of the building. He also saw two men inside the building running towards the opposite side of the building where there were exit doors. Legus then drove to the other side of the building and radioed for assistance. He chased a man running from the building, but did not catch him.

Officer Gregory Gordon arrived at the scene to assist Legus. Gordon heard a noise from some tall bushes located about 25 to 30 feet from the building. With the aid of his flashlight, Gordon observed a man, later identified as appellant, in a crouched position behind the bushes.

Officer Gordon repeatedly ordered appellant to put his hands up. Appellant did not respond and instead tried to crawl away in the bushes in the opposite direction. The officers also observed appellant digging in the earth around the bushes. When appellant emerged from the bushes about 20 feet away, Officers Gordon and Legus handcuffed him. The officers found a tray with a screwdriver, tin snips, and a tire iron in the bushes near the place where appellant crawled out; appellant disputes the suggestion that these items were burglary tools.

Appellant was arrested and charged with second degree burglary. (Second degree burglary includes burglary of any business where controlled substances are routinely stored.) His boots and clothes were examined by the Bureau of Criminal Apprehension for glass fragments. The analysis determined that one glass fragment from the sole of one of his boots had the same characteristics as the glass from the broken window at the animal hospital and could have come from that window.

At trial appellant claimed he did not commit the burglary. He stated he was intoxicated and was in the bushes preparing to go to the bathroom because he had a bad case of diarrhea. When arrested, he had told Officer Legus that he had gone to the bathroom in the bushes. During the morning after his arrest, appellant told another officer that he had been going to the bathroom in the bushes when apprehended by

police. The officers found no evidence of feces in the bushes. Appellant sat in the squad car for 30 to 45 minutes after his arrest, and during that time he did not ask to go to the bathroom.

At trial appellant claimed he was heading for home when he stopped in the bushes. However, during the morning after the burglary appellant told an officer that he was heading for a trailer park in Sartell. At trial appellant denied saying that he was heading for Sartell.

Appellant also testified he had been at a party in Sauk Rapids for a good part of the evening prior to his arrest. However, during the morning after his arrest, he told an officer that he had been in St. Cloud during the night.

At trial appellant initially testified that he had not come out from the bushes in response to the police officer's directions because he had his pants down. Officer Gordon testified appellant's pants were on when he first spotted him. After hearing Officer Gordon's testimony, appellant returned to the stand and was again asked whether his pants were down; he said that it was hard to remember.

Appellant was found guilty and sentenced to the custody of the Commissioner of Corrections for a term of 25 months. He then moved for a new trial, claiming the jury was tainted by comments of other prospective jurors during voir dire examination. During the examination, one prospective juror stated he had been involved in a bar fight with appellant and suffered a torn shirt. A second prospective juror indicated he was aware of appellant's reputation and stated it would affect his ability to be fair. A third prospective juror indicated he had seen appellant in bars around St. Cloud in an intoxicated, loud, and rowdy state. A fourth prospective juror indicated he had associated with the same group of people as appellant while growing up and that affected his ability to be fair. All these persons were struck from the jury by peremptory challenge. The trial court denied the motion for a new trial.

## ISSUES

1. Is the evidence sufficient to sustain appellant's conviction?

2. Was appellant deprived of a fair and impartial jury?

## ANALYSIS

 1. Appellant challenges the sufficiency of the evidence for his conviction. While keeping in mind the State's burden of proof, we must view the evidence in the light most favorable to the verdict and assume the jury believed the State's witnesses and did not believe any contradictory evidence. *State v. Turnipseed,* 297 N.W.2d 308, 313 (Minn.1980) (citing *State v. Merrill,* 274 N.W.2d 99, 111 (Minn.1978)). Circumstantial evidence is sufficient to sustain a conviction only when the reasonable inferences from the evidence, viewed most favorably to the verdict, are consistent with defendant's guilt and inconsistent with any reasonable hypothesis except guilt. *State v. Diamond,* 308 Minn. 444, 447, 241 N.W.2d 95, 98 (1976).

There is sufficient evidence here to sustain the conviction. The police found appellant hiding in some dense bushes approximately 25 to 30 feet away from the animal hospital's back door. Officer Legus observed two men running towards that door when he briefly looked through the window of the burglarized building, but shortly thereafter he observed only one man running away from the building. After being discovered in the bushes by Officer Gordon, appellant took evasive action. He did not respond to directions to put his hands up, but instead tried to crawl through the bushes in a direction away from Officer Gordon. A tray containing a screwdriver, tin snips, and a tire iron were found about five feet away from where appellant exited from the bushes. The sole of one of his boots contained a piece of glass that could have come from the broken window in the animal hospital. His testimony at trial and the explanations he gave to the police officers were filled with inconsistencies.

2. Appellant claims he is entitled to a new trial because he was denied his due process right to an impartial jury when the jury members learned of his reputation and prior conduct through the voir dire questioning of other prospective jurors. The Minnesota Supreme Court has considered the issue of jury bias and formulated the rule as follows:

> In an appeal based on juror bias, an appellant must show that the challenged juror was subject to challenge for cause, that actual prejudice resulted from the failure to dismiss, and that appropriate objection was made by appellant.

*State v. Stufflebean,* 329 N.W.2d 314, 317 (Minn.1983).

The jurors may have been subject to a challenge for cause. *See* Minn.R.Crim.P. 26.02, subd. 5(1)(1). Appellant, however, failed to make a timely objection. Appellant made no challenge of jurors for cause after the voir dire examination and did not move to strike the entire jury panel prior to their selection and swearing in. *See* Minn. R.Crim.P. 26.02, subd. 5(2). Only after being convicted did appellant claim juror bias. Moreover, appellant has demonstrated no actual prejudice. Most of the prospective jurors' comments were later confirmed by appellant's own testimony at trial; he acknowledged he was a heavy drinker and had been in quite a few fights. Appellant's request for a new trial because of juror bias must fail.

## DECISION

The evidence is sufficient to sustain appellant's conviction for burglary in the second degree. Appellant is not entitled to a new trial because of alleged jury bias.

Affirmed.